**UNITED STATES DISTRICT COURT**

**DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case no. 1:25-cr-00228 |
| | ) | |
| Plaintiff, | ) | **DEFENDANT'S SECOND MOTION TO** |
| | ) | **CONTINUE TRIAL** |
| -vs- | ) | |
| | ) | |
| | ) | |
| GARY WILLIAM DONNELLY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

[1].    COMES NOW, Elizabeth L. Pendlay, attorney of record for the above-named Defendant, Gary William Donnelly, and herein respectfully moves the Court for a continuance of the pending trial date in the above-captioned case.

[2].    The present trial date is set to commence on May 12, 2026 (*see* Document no. 19 in the above-captioned docket).  Defendant respectfully requests that the said trial date be continued to a date on or after September 1, 2026, with a new pretrial motions deadlines set accordingly. Counsel respectfully asserts that under 18 U.S.C. § 3161(h)(7), the Court will find a continuance outweighs the best interests of the public and the defendant in a speedy trial.

[3].    *This motion is unopposed by the Government*; the undersigned counsel and Assistant United States Attorney David Rappenecker have been in continuous and productive settlement negotiations over the last several months.  In connection with those discussions, the parties have made substantial progress towards a plea agreement, but the parties require additional time to conclude those ongoing settlement discussions.

1

[4].    A Waiver of Speedy Trial has been executed by the Defendant in connection with this Motion and the same is filed herewith.

[5].    In support of his Motion to Continue Trial, the Defendant, Mr. Donnelly, sets forth the following summarized timeline/procedural history in this action.

    a. Mr. Donnelly is charged by Indictment with one (1) Count of Receipt of Child Pornography, alleged to be a violation of 18 U.S.C. §§ 2252A(2)(a) and 2252A(b)(1) ("the Charge").

    b. On October 21, 2025, Mr. Donnelly was arrested in Ray, Williams County, North Dakota, on the Charge, and made his initial appearance before the Honorable Magistrate Judge Clare R. Hochhalter on October 22, 2025. Among other matters, trial was initially set at that juncture for December 9, 2025 (*see* Document no. 9).

    c. A detention hearing was conducted on October 24, 2025, at which time Mr. Donnelly was released on his own recognizance, with Adam Walsh conditions.

    d. Immediately to follow the conclusion of the detention hearing, counsel for the Government and counsel for the Defendant entered into a Stipulation regarding discovery. Consistent with the terms of the stipulation, on November 12, 2025, counsel for the Defendant received the discovery materials via flash drive from the Government and immediately began the process of review. Thereafter, the United States has supplemented discovery as required under that Stipulation and the undersigned has promptly reviewed all supplements.

    e. A first pretrial conference was set for November 18, 2025, at which time, among other matters, readiness for trial was discussed. Counsel for the Defendant noted at the pretrial conference that there was not sufficient time to prepare for trial as initially scheduled on December 9, 2025. Moreover, counsel for Defendant advised that she remained in a calendaring conflict for a state court civil matter that interfered with the original trial date in the instant action. Counsel for the

Government indicated that the Government did not have any objection to Defendant's request for continuance given those circumstances.

f.  Accordingly, Defendant filed a Motion to Continue the original trial set for December 9, 2025 (*see* Document no. 17); the Court granted the request and reset trial for May 12, 2026 (*see* Document no. 19).

g.  In the interloping period, i.e., from January 2026 to present, after discovery review, the undersigned counsel for the Defendant and Assistant United States Attorney David Rappenecker have engaged a series of settlement discussions, all of which appear to be promising.  That said, both the Defendant and the United States agree that additional time is necessary to complete those talks, and the standing May 12, 2026, trial date due not afford the parties sufficient time to complete the same.

h.  Trial is presently set for May 12, 2026; in order to complete settlement negotiations, or those failing, to conduct a trial, the Defendant, with the consent of the United States, herein moves for a continued trial date to be set on or after September 1, 2026, at a time convenient to the Court.

[6].    To date, Assistant United States Attorney David Rappenecker and the undersigned counsel have conferred about the status and exchange of discovery in a productive and open manner. Discovery has been afforded to Defendant by the United States and supplemented where appropriate.

[7].    After that discovery review and related discussions, the parties entered into good faith settlement discussions, which commenced in late January 2026, and all of which have been highly productive.  Despite efforts on the parts of both parties to complete those discussions prior to the existing trial date (May 12, 2026), those talks remain incomplete at this time.

[8].        Therefore, the undersigned counsel, with the consent of her client and with the consent of the United States, respectfully asserts that additional time is required to complete settlement negotiations beyond the current trial date of May 12, 2026.

[9].        For these reasons, the defense requests that the Court find:

(a) Taking into account the exercise of due diligence, a failure to grant a continuance would deny the Defendant the reasonable time necessary for effective and complete plea negotiations in this matter, while albeit not complete at this time, appear likely to yield a positive result and conclusion; and

(b)        a failure to grant a continuance would likely result in a miscarriage of justice, as set forth in 18 U.S.C. § 3161(h)(7)(B)(i) in that sufficient time to complete these critical negotiations would be eliminated; and

(c)        the additional time requested is a reasonable period of delay, as the undersigned counsel did promptly engage in a review of the discovery in this matter once afforded, and after such review, the undersigned and the United States promptly entered into good faith negotiations, which appear likely to yield an amicable resolution to this matter, but the completion of which require greater time than what is available under the standing trial date of May 12, 2026; and

(d) the ends of justice will best be served by a continuance, and the ends of justice outweigh the best interests of the public and the defendant in a speedy trial, as set forth in 18 U.S.C. § 3161(h)(7)(A); and

(e) The additional time requested between the current trial date of May 12, 2026, and the new trial (requested to commence on or after September 1, 2026) is necessary to provide counsel for the defendant, the Defendant, and the United State's reasonable time to conclude settlement negotiations that may avoid a trial altogether.

[10].         Mr. Donnelly indicates that he understands the nature of the ongoing settlement communications and their pivotal nature in this action, and he has executed a speedy trial waiver consistent with that understanding (filed herewith).  Therefore, the defense respectfully requests the Court find a continuance of the trial date outweighs the best interests of the public and the defendant in a speedy trial, and the trial date be continued to a date on or after September 1, 2026, and a new pretrial motions due date consistent with the trial date.

[11].        The defense further asks the Court to exclude the time period from the date of the Court's order to the new trial date for purposes of computing the time limitations imposed by the Speedy Trial Act.

Dated this 13th day of April, 2026.

Respectfully submitted,

ELIZABETH L. PENDLAY (#06372)
Pendlay Law Office
Attorney for Defendant
115 North Main, P.O. Box 289
Crosby, North Dakota 58730
Phone: 701-965-6036
liz@crosbylaw.net

**CERTIFICATE OF SERVICE**

I hereby certify that on April 17, 2026, I electronically served the foregoing Defendant's Motion to Continue Trial via email on Assistant United States Attorney David Rappenecker (David.rappenecker@usdoj.gov) and requested of the filing of the same through the Clerk of Court for docketing and distribution through the CM/ECF system for all parties registered to the action.